IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0203-23** |
| | GPD Report No. 23-08090 |
| vs. | |
| **AUGUSTO ACFALLE, JR.,** | DECISION AND ORDER |
| aka Augusto Junior Acfalle, aka Junior, | RE. APPOINTED COUNSEL'S MOTION |
| DOB: 07/17/1995 | TO WITHDRAW AND FOR APPOINTMENT |
| | OF OTHER COUNSEL |
| Defendant. | |

## **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on July 2, 2024, upon the filing of Appointed Counsel's Motion to Withdraw and for Appointment of Other Counsel (the "Motion"). Representing Defendant Augusto Acfalle, Jr. (hereinafter "Defendant" or "Defendant Acfalle") in this criminal matter is Attorney Charles H. McDonald, II (hereinafter "Attorney McDonald" or "McDonald"). The Court took the Motion under advisement on July 15, 2024, pursuant to CVR 7.1(e)(6)(A) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the Motion and the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** Defendant's Motion.

//

//

## PROCEDURAL AND FACTUAL BACKGROUND

On March 27, 2023, the People filed a Magistrate's Complaint charging Defendant with the following offenses: the First Charge of Burglary to a Motor Vehicle (As a Second Degree Felony), the Second Charge of Theft (As a Third Degree Felony), the Third Charge of Theft of a Firearm (As a Third Degree Felony), the Fourth Charge of Possession of a Firearm Without a Firearms ID (As a Third Degree Felony), and the Fifth Charge of Possession of an Unregistered Firearm (As a Third Degree Felony). *See* Magis. Compl. (Mar. 27, 2023). On March 31, 2023, a grand jury returned an Indictment in this matter charging the Defendant with the same offenses. *See* Indictment (Mar. 31, 2023).

In brief, as set forth in the Declaration of Probable Cause, the charges in the Indictment stem from an alleged incident that occurred on March 25, 2023, wherein the Defendant allegedly stole items from a truck located in Talofofo – such items included a Louis Vuitton branded purse, a Glock .43 pistol, an iPad tablet, Airpods earbuds, and other items. *See Declaration*, Magis. Compl. (Mar. 27, 2023). The Defendant was identified upon the use of the Airpods' "pinging" feature that located the Defendant along with the stolen items. *Id.*

### A. Defendant's History of Representation.

Alternate Public Defender ("APD") was initially appointed as defense counsel for Defendant on March 27, 2023. *See* Ntc. Of Crt. Appointed Counsel (Mar. 27, 2023). On April 12, 2023, due to a conflict of interest, APD withdrew from representation, and Attorney James Spivey was appointed thereafter as defense counsel. *See* Withdrawal and Order (Apr. 12, 2023); *see also* Ntc. of Crt. Appointed Counsel (Apr. 12, 2023). Attorney James Spivey continued representation until his eventual passing on October 18, 2023. Thereafter, the Court appointed Public Defender Service Corporation ("PDSC") as defense counsel. However, PDSC withdrew representation due

to a conflict of interest, and APD was reappointed as defense counsel on December 29, 2023. *See* Mot. and Order to Permit Withdrawal of Counsel Due to a Conflict of Interest (Jan. 16, 2024). Again, on January 12, 2024, APD withdrew representation due to a conflict of interest. *See* Mot. to Withdraw as Court-Appointed Counsel (Jan. 12, 2024). Thereafter, the Court appointed Attorney McDonald as defense counsel on February 1, 2024. *See Order Granting Withdrawal and Appointment of Counsel* (Feb. 1, 2024).

**B. The Motion and the grounds for withdrawal.**

Attorney McDonald filed the instant Motion on the following grounds:

1. The Firm's practice includes criminal defense and prosecution, where its compliance with its obligations to clients are assessed, monitored, continually modified, and adapted to ensure *inter alia* that, the representation of one client will not be directly adverse to another client; and that, there is insignificant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer (the latter hereinafter referred to as "GRPC 1.7(a)(2) risk"), through a program implemented at the Firm.

2. As part of the Firm's compliance program, individual requests for engagement and appointments to criminal defense representation are evaluated for GRPC 1.7(a)(2) risks among relevant risks. The Firm's policy is to mitigate GRPC 1.7(a)(2) risk through policies, procedures and controls so that the Firm's risk profile attains lower and lower levels of insignificance at individual case and criminal practice levels. Where possible a standard is imposed greater than what is required by the rules. Eliminating foreseeable risk to the lowest level is consistent with evaluation of risk of noncompliance with law. *E.g. ComTran Group, Inc. Dept. of Labor*, 722 F.3d 1304 (11th Cir. 2013).

3. One of the Firm's risk mitigants is to limit representation of criminal defendants to the strictest extent practicable. Where the engagement arises because of an appointment by

a court, Firm policy is to ensure that GRPC 1.7(a)(2) risk when accepting the appointment.

4. The undersigned (a) has not had any privileged or confidential communications with Defendant; (b) has not reviewed discovery materials; (c) has not investigated or evaluated the factual basis for the charges; and (d) has not analyzed the charging instrument.

5. GRPC 6.2 limits good cause to avoid appointment to three situations. Because of the Firm's compliance program, the likelihood of a violation of the professional rules or other law is as low as is foreseeable.

6. Nevertheless, because the Firm continuously monitors its risk profile, its policy is to drive risk lower and lower levels of insignificance. For this matter, despite the undersigned's belief that there is insignificant GRPC 1.7(a)(2) risk, the prudent course of action is to move for withdrawal from the undersigned's appointment.

Mot. at pp. 1-2 (emphasis in original).

## DISCUSSION

Rule 1.16 of the Guam Rules of Professional Conduct dictates when counsel may withdraw from representation of a client and provides as follows:

Rule 1.16: Declining or Terminating of Representation

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the rules of professional conduct or other law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
> (3) the lawyer is discharged.

(b) except as stated in paragraph (e), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Rules of Prof. Conduct, Rule 1.16, GU ST SUPER CT RPC Rule 1.16.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defense." *See* U.S. Const. amend. VI. The Supreme Court of the United States has declared that the right to counsel is not a mechanical requirement but includes "the right to effective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 684 (1984). Following this precedent, the Supreme Court of Guam has ruled that "[w]hile the constitutional guarantee of counsel is a fundamental right, a defendant is 'not entitled to a particular lawyer whom he can, in his view, have a 'meaningful attorney-client relationship.' Rather, a defendant is entitled to adequate and 'conflict free representation under the Sixth Amendment.'" *See People v. Libby*, 2021 Guam 27 ¶ 17 (citing *United States v. Moore*, 159 F. 3d 1154-1157, 1158 (9th Cir. 1998) (quoting *Morris v. Slappy*, 461 U.S. 1, 3-4 (1983)).

McDonald does not base his withdrawal on incompetency or unavailability to represent the Defendant in this matter. Thus, the Court turns its analysis toward the question of authority to pass or refuse an appointment.

## I. Authority to "Pass" or Refuse an Appointment under MR 1.1.3(b)(4)(A) of the Local Rules of the Superior Court of Guam.

Under the unusual circumstances precipitating the issuance of Promulgation Order PRM06-006-25 (Nov. 15, 2023), MR 1.1.3(a)(3) was amended, and all appointments from the Private Attorney Panel for all criminal cases was suspended until May 1, 2024, and, instead active members of the Guam Bar Association, from a membership list as approved by the Supreme Court, were appointed after PDSC and APD attorneys were permitted to withdraw. This Court is well aware that MR 1.1.3(b)(4)(A) of the Local Rules technically applies to PAP attorneys; however, nothing in the Rule nor in the Promulgation Order prohibits the application of the "Pass" to active members of the bar who have been appointed during the suspension of the rule relating to the Private Attorney Panel. As such, the Court shall apply MR 1.1.3(b)(4)(A) to determine whether McDonald (and the Firm) may request a "pass" under the circumstances. The Rule provides as follows:

> PAP attorneys may refuse or "pass" an appointment when unavailable to assume the case due to scheduling conflicts, workload, or *other good cause*. Reasons for passing appointment shall be given to the…Judge of the Superior Court overseeing the case, and passing may not be done more than three times during a calendar year.

*Id.* (emphasis added). The grounds for this case fall under the "other good cause" provision of MR 1.1.3(b)(4)(A). McDonald has not indicated specific grounds for withdrawal, such as scheduling, conflicts, workload, existing conflicts of interest, or other specific grounds constituting "good

cause" to exercise the "pass".[1] McDonald submits very generally and ambiguously that an implemented program at the Firm assesses appointments for "GRPC 1.7(a)(2) risk," and in an effort to maintain low levels of risk, withdrawal in this case is necessary.

McDonald cites to the Guam Rules of Professional Conduct Rule 1.7(a)(2), which reads as follows:

Rule 1.7: Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) **there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.**

GRPC 1.7(a)(1-2) (emphasis added). McDonald cites to the lowering the risk of violating this rule as a basis for withdrawal. *See* Mot. at ¶ 6. McDonald admits that he "(a) has not had any privileged or confidential communication with Defendant; (b) has not reviewed discovery materials; (c) has not investigated or evaluated the factual basis for the charges; and (d) has not analyzed the charging instrument." *Id.* at ¶ 4. Without engaging with Defendant Acfalle to determine whether a conflict exists and materially limits his responsibilities to another existing client based upon the specifics of this case, the Court finds that McDonald has not provided the Court with sufficient basis to find

---

[1] *Compare People v. Mendiola Jr.*, CF0240-23, *Decision and Order Re. Motion to Withdraw as Counsel and Appointing New Counsel* (May 17, 2024) (This Court granted withdrawal on the basis that defense counsel's specific practice required her to be off-island several times a year, and she was a solo practitioner without any partner to assist in providing counsel, constituting "good cause" in applying the "pass" provision of MR 1.1.3(b)(4)(A)); *compare also People v. Tedtaotao*, CF0495-21, *Decision and Order Re. Motion to Withdraw as Counsel and Appointing New Counsel* (May 17, 2024) (This Court granted withdrawal on the basis that defense counsel's firm had been appointed 16 criminal felony cases, and a potential conflict of interest may exist between members of the firm and government witnesses, constituting "good cause" in applying the "pass" provision of MR 1.1.3(b)(4)(A). However, because this Court granted withdrawal for good cause in a prior case, this withdrawal counted as the second "pass" of 2024).

that continued representation of Defendant Acfalle would violate. Additionally, McDonald admitted that he has not discussed the matter with the Defendant nor investigated the matter to ascertain whether a potential conflict of interest exists to warrant withdrawal, which is inconsistent with an attorney's duty of communication with his client under the Guam Rule of Professional Conduct Rule 1.3 (diligence) and 1.4 (communication), which require:

Rule 1.3: Diligence.

A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1.4: Communication.

(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by the Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

GRPC 1.3 & 1.4.[2] As such, the Court finds that the "other good cause" provision of MR 1.1.3(b)(4)(A) is not satisfied either on the grounds advanced by Attorney McDonald or pursuant to the "pass" provisions in this matter.

//

---

[2] Attorney McDonald does not indicate whether Defendant Acfalle has been informed of the instant Motion to Withdraw and whether he consents to the bringing of this Motion by his appointed counsel. See, GRPC Rule 1(e) ("'Informed consent'" denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.") and GRPC Rule 1.4.

## CONCLUSION

For the above reasons, Attorney Charles H. McDonald, II's Motion to Withdraw and for Appointment of Other Counsel is **DENIED**.

A Pre-Trial Conference in this matter is scheduled for November 12, 2024, 9:00 AM. Jury Selection and Trial is scheduled for November 20, 2024, 1:30 PM.

**SO ORDERED** this 11th day of October, 2024.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

acknowledge that an electronic
Copy of the original was e mailed to
*AG, McDonald*

Date *10/11/24* Time *4:20pm*
*Albert Caloho* ~~
Deputy clerk , Superior Court of Guam